IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON McKINLEY WARD,                             CV. 07-643-HA

       Plaintiff,                                 ORDER

    v.

TWO RIVERS CORRECTIONAL INSTITUTION,

       Defendant.

HAGGERTY, District Judge.

    This mandamus action comes before the court on defendant's Motion for Judgment on the Pleadings [16], plaintiff's Motion for Summary Judgment [12], and plaintiff's Motion to Strike Rogue Document [20]. For the reasons which follow, the court reserves ruling on defendant's Motion for Judgment on the Pleadings, and denies plaintiff's Motion for Summary Judgment and Motion to Strike Rogue Document.

///

///

1 - ORDER

**I.   Motion to Strike Rogue Document [20].**

As an initial matter, plaintiff asks the court to strike defendant's Reply in Support of Rule 12(C) Motion for Judgment on the Pleadings [19] on the basis that it was not within 14 days of the filing of his Response. Plaintiff filed his Response to the Motion for Judgment on the Pleadings on January 4, 2008. Because defendant's Reply brief was filed 14 days later on January 18, 2008, plaintiff's Motion to Strike that document is denied.

**II.   Motion for Judgment on the Pleadings [16] and Motion for Summary Judgment [12].**

Plaintiff seeks a writ of mandamus from this court which requires the employees of the Oregon Department of Corrections to abide by previous court rulings regarding the conditions of his confinement. Defendant moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law. *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Id.*

Federal courts lack mandamus authority to direct state officials regarding the performance of their duties, and a petition for a writ of mandamus requesting such relief is frivolous as a matter of law. *See Demos v. U.S. District Court,* 925 F.2d 1160,

2 - ORDER

1161-62 (9th Cir.), *cert. denied,* 498 U.S. 1123 (1991).  Because the court has no authority to take the actions plaintiff requests in a mandamus action, judgment on the pleadings is appropriate, and plaintiff's Motion for Summary Judgment is denied.

Even assuming plaintiff had brought this as a 42 U.S.C. § 1983 action, the Eleventh Amendment bars suit against the Two Rivers Correctional Institution.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (absent clear and unequivocal waiver, Eleventh Amendment bars suit in federal court against state agency).  Although plaintiff argues that the State of Oregon constructively consented to this lawsuit, "[c]onstructive consent is not a doctrine commonly associated with the surrender of constitutional rights. . . ."  *Edelman v. Jordan,* 415 U.S. 651, 673 (1974).  As the State of Oregon has not expressly consented to suit, the Two Rivers Correctional Institution is entitled to Eleventh Amendment immunity.

Although plaintiff's Complaint fails to state a cognizable claim, in civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  Where a plaintiff has not had an opportunity to amend his

*pro se* complaint, dismissal with leave to amend is preferable to granting a defendant's motion for judgment on the pleadings. *Hines v. Wainwright*, 539 F.2d 433 (5th Cir. 1976).

It is clear that plaintiff's case cannot proceed as a mandamus action, nor can it proceed against the Two Rivers Correctional Institution as a 42 U.S.C. § 1983 action.  However, plaintiff may be able to state a valid § 1983 claim for pleading purposes against a viable defendant, and the court allows him 30 days to do so. Plaintiff is advised that a litigant wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996).

## CONCLUSION

The court RESERVES RULING on defendant's Motion for Judgment on the Pleadings [16].  Should plaintiff wish to continue with this action, he must file an amended complaint within 30 days which cures the deficiencies noted above.  Should plaintiff fail to do

4 - ORDER

so, the court shall grant defendant's Motion for Judgment on the Pleadings and dismiss this case with prejudice.

Plaintiff's Motion to Strike Rogue Document [20] and Motion for Summary Judgment [12] are DENIED.

IT IS SO ORDERED.

DATED this 31st day of March, 2008.

                                  /s/Ancer L. Haggerty
                                   Ancer L. Haggerty
                                   United States District Judge