IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON McKINLEY WARD,                                    CV. 07-643-HA

            Plaintiff,                    ORDER TO DISMISS

    v.

GUY HALL,

            Defendant.

HAGGERTY, District Judge.

    This prisoner civil rights action comes before the court on defendants' Motion to Dismiss plaintiff's Amended Complaint for failure to state a claim.  Defendants' Motion is made pursuant to Fed. R. Civ. P. 12(b)(6), which provides that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

    Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51

1 - ORDER TO DISMISS

F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the complaint and any attached exhibits. *Id* at 1484. Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court also must draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## DISCUSSION

As an initial matter, plaintiff filed his Amended Complaint on May 27, 2008 naming only defendant Guy Hall in the pleading's caption. Pursuant to Fed. R. Civ. P. 10(a), plaintiff must include the names of all the parties in the caption of his amended Complaint. As he has named only defendant Hall in the caption of the operative pleading, this action only continues against him.

The Amended Complaint also purports to be a supplement to his prior Petition for a Writ of Mandamus, not a stand-alone document. Local Rule 15.1(c)(1) requires a party moving to amend a pleading to "reproduce the entire pleading and . . . . not incorporate any part of the prior pleading by reference." For these reasons, the Amended Complaint is deficient. Plaintiff's case, however, suffers from a more fatal flaw.

When plaintiff first initiated this case, he did so with a Petition for a Writ of Mandamus [1] asking the court to order the employees of the Oregon Department of Corrections to abide by

2 - ORDER TO DISMISS

previous court rulings arising from the conditions of his prior confinement in the State of Nevada.  This prompted defendant (and others no longer named in the Amended Complaint) to move, post-Answer, for a judgment on the pleadings.  The court concluded that a judgment on the pleadings was appropriate because federal courts lack mandamus authority to direct state officials regarding the performance of their duties, and a petition for a writ of mandamus requesting such relief is frivolous as a matter of law.  *Demons v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir.), *cert. denied*, 498 U.S. 1123 (1991); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984).

Given plaintiff's status as a *pro se* litigant, the court elected to reserve ruling on the Motion for Judgment on the Pleadings in order to give plaintiff an opportunity to amend his Petition to state a cognizable 42 U.S.C. § 1983 claim against a viable defendant.  In so doing, the court advised plaintiff of the pleading requirements for a § 1983 claim, and warned him that his failure to file an amended pleading would result in a judgment on the pleadings in favor of defendant(s).

In response to the court's Order requiring an amended pleading, plaintiff filed a document entitled "AMENDED COMPLAINT 28 U.S.C.A. § 1651" in which he fails to identify any specific § 1983 claim.  Specifically, plaintiff fails to allege how defendant personally participated in a deprivation of any of plaintiff's

3 - ORDER TO DISMISS

constitutional rights.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Accordingly, the court finds defendant's Motion to Dismiss filed pursuant to Fed. R. 12(b)(6) to be well-taken.

Not only does plaintiff fail to state a valid § 1983 claim for pleading purposes, but he continues to prosecute this case as a mandamus action despite the court's clear and direct language in its March 31, 2008 Order [21] that "It is clear that plaintiff's case cannot proceed as a mandamus action."  In fact, in his Response to defendant's Motion to Dismiss, plaintiff asks "why is the defendant's attorney constantly talking about 42 U.S.C. § 1983? This action was filed under 28 U.S.C.A. § 1651!"  Response to Motion to Dismiss [33].

Because plaintiff has not cured the deficiencies identified in the court's May 31, 2008 Order, and based on his insistence that this action continue as a mandamus action when the court has already foreclosed this possibility and admonished him to proceed differently, the court grants the pending Motion to Dismiss, and dismisses this case with prejudice.  Based on the dismissal, the court denies plaintiff's Motions seeking preliminary and permanent injunctions.  *See LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006) (party must demonstrate at least some likelihood of success on the merits in order to qualify for a preliminary injunction).

///

4 - ORDER TO DISMISS

## CONCLUSION

Defendant's Motion to Dismiss [29] is GRANTED.  Plaintiff's Motion for Permanent Injunction [27] and Motion for Preliminary Injunction [34] are DENIED.

Defendant's Motion for Judgment on the Pleadings [16] is DENIED on the basis that it is now moot.

IT IS SO ORDERED.

DATED this  1st day of August, 2008.

        /s/Ancer L. Haggerty
        Ancer L. Haggerty
        United States District Judge